## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ADAEZE NWOSU,

      *Plaintiff*,

    v.

DABNEY FRIEDRICH, et al.,

      *Defendants*.

Civil Action No. 1:24-cv-987 (CJN)

## <u>ORDER</u>

Proceeding pro se, Adaeze Nwosu alleges that two judges of this court, Judge Friedrich and Judge Reyes, tortiously breached implied contracts with her when adjudicating two other suits that she brought here. *See* ECF No. 1 (Compl.) ¶¶ 5, 7. Specifically, Nwosu alleges that Judge Friedrich "den[ied] [her] a statutory right" when she dismissed for lack of personal jurisdiction a discrimination case, *Nwosu v. Buldoc, et al.*, Civ A. No. 23-3841, and denied Nwosu leave to amend her complaint. *Id.* ¶¶ 5.1, 6.1–6.5. Nwosu similarly alleges that Judge Reyes "suppress[ed] [her] right to judicial recourse" by dismissing *Nwosu v. Friedrich, et al.*, Civ. A. No. 24-878, a case seeking relief from Judge Friedrich's allegedly erroneous decision in *Buldoc*. *Id.* ¶¶ 7.1, 7.4–7.8; *see also* ECF No. 1-2 at 2–8. For these purported harms, Nwosu seeks "compensatory and punitive damages in excess of . . . [t]en million dollars," as well as assorted equitable relief, including the enactment of policies "to protect plaintiffs from legally meritless and prejudiced case dismissals" and the suspension of both Judge Friedrich and Judge Reyes from judicial service. Compl. ¶¶ 9.1–9.5.

Nwosu's claims against Judge Friedrich here are word-for-word identical to those she brought in Civ. A. No. 24-878, the aforementioned case before Judge Reyes. *Compare* Compl. ¶¶

1

5–6 *with* Civ. A. No. 24-878, ECF No. 1 ¶¶ 3–4; *see also* ECF No. 1-2 at 2–3 (Judge Reyes's Order in Civ. A. No. 24-878).  Because "a plaintiff has no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant," the Court will dismiss Nwosu's claims against Judge Friedrich as duplicative.  *Baird v. Gotbaum*, 792 F.3d 166, 171 (D.C. Cir. 2015); *see also Clayton v. District of Columbia*, 36 F. Supp. 3d 91, 94 (D.D.C. 2014) (explaining that district courts have discretion to "dismiss a duplicative and later-filed action"); *Bowe-Connor v. McDonald*, 2015 WL 807537, at *1 (D.D.C. 2015) ("Th[e] bar against duplicative pleadings applies to all plaintiffs, whether they are represented by counsel or proceeding *pro se*.").

As for Nwosu's claims against Judge Reyes, to the extent Nwosu seeks money damages for the dismissal of Civ. A. No. 24-878, such claims are barred by the doctrine of judicial immunity.  *See Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam) (explaining that judges "enjoy absolute judicial immunity from suits for money damages for all actions taken in a [] judicial capacity," unless they were "taken in the complete absence of all jurisdiction").  Dismissing a case is plainly a judicial function.  *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (per curiam).  And where Nwosu's suit is premised on the view that Judge Reyes erred by failing to adjudicate her claims, her contention here that Judge Reyes also lacked jurisdiction over them is wholly frivolous.  *See Stump v. Sparkman*, 435 U.S. 349, 357 n.7; Compl. ¶¶ 7.4, 7.10.

To the extent that Nwosu seeks non-monetary relief (such as Judge Reyes's suspension) as the result of the dismissal of her prior case, *see* Compl. ¶ 9.2, the Court lacks jurisdiction.  Nwosu is essentially asking the Court to conclude that Judge Reyes abused her discretion and acted with animus when she dismissed Nwosu's complaint for failure to state a claim.  *See id.* ¶¶ 7.4–7.8 (alleging errors in Judge Reyes's Order).  But "[a] federal district court lacks jurisdiction to review

decisions of other federal courts." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006); *see also* 28 U.S.C. §§ 1331–32 (granting district courts original, not appellate, jurisdiction).  The "well-established remedy for alleged mishandling of a prior case" is not another suit against the district judge in question, but "an appeal or appeals in the prior case[.]"  *Smith v. Scalia*, 44 F. Supp. 3d 28, 42 (D.D.C. 2014), *aff'd per curiam*, 2015 WL 13710107 (D.C. Cir. 2015) (quotation marks omitted); *see also id.* at 43 (explaining that there is "no private cause of action for removal of sitting federal judges").

Finally, insofar as Nwosu seeks additional equitable relief that is collateral to Judge Reyes's prior decision, Nwosu lacks standing to obtain it.  Plaintiffs must "demonstrate standing separately for each form of relief sought," *TransUnion LLC v. Ramirez*, 594 U.S. 413, 436 (2021), which is done by plausibly alleging that the relief would "likely" redress an injury that is "fairly traceable" to the defendant's actions.  *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 913 (D.C. Cir. 2015).  It is not clear how requiring the court or Judge Reyes to "advocate for laws and amendments . . . to prevent institutions with large endowments, such as Yale, from using their influence to systematically oppress and influence the judiciary" could redress the only injury traceable to Judge Reyes that Nwosu has alleged—the dismissal of Nwosu's lawsuit against Judge Friedrich.  Compl. ¶¶ 7.12, 9.4.  Nor could the creation of new "policies within the judiciary" remedy that alleged past harm.  *Id.* ¶ 9.3.

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motion to Dismiss, ECF No. 7, is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Motion for Entry of Default, ECF No. 6, is **DENIED** because Plaintiff failed to serve summonses on the U.S. Attorney and U.S. Attorney General; and it is further

**ORDERED** that Plaintiff's Motion for Leave to Appeal *in forma pauperis*, ECF No. 9, is **DENIED AS MOOT** because Plaintiff subsequently withdrew her appeal, *see* ECF No. 11; and it is further

**ORDERED** that Plaintiff's Complaint, ECF No. 1, and this case are **DISMISSED WITH PREJUDICE**.

This is a final and appealable Order.

The Clerk of Court is directed to close this case.

DATE: March 10, 2025

_____
CARL J. NICHOLS
United States District Judge